IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA SMITH,                )
        Plaintiff,        )
                              )
    v.                       )     2:16-CV-253
                              )
                              )
COMMISSIONER OF SOCIAL        )
SECURITY,                     )
        Defendant.        )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion for summary judgment (ECF No. 11) will be denied; the defendant's motion for summary judgment (ECF No.15) will be granted, and the decision of the Commissioner will be affirmed.

      On March 7, 2016, Melissa Smith, by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

      On June 18, 2013, the plaintiff filed an application for disability benefits alleging that she had been disabled since February 2, 2013 (R. 158-159), and benefits were denied on October 16, 2013 (R. 101-105). On November 15, 2013, the plaintiff requested a hearing (R. 106-107) and pursuant to that request a hearing was held on May 28, 2014 (R. 32-80). In a decision dated July 14, 2015, benefits were denied (R. 9-24), and on August 29, 2014, reconsideration was requested (R. 7). Upon reconsideration and in a decision dated December 30, 2015, the Appeals Council affirmed the prior determination (R. 1-3). On March 7, 2016, the instant complaint was filed.

      In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of

the Commissioner that the plaintiff failed to sustain his burden of demonstrating that he was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on May 28, 2014 (R.32-80), the plaintiff appeared with counsel (R. 34) and testified that she was born on November 30, 1975 (R.40); that she had been pursuing her Associate's degree (R.41); that she worked as a certified nurse's aide performing medic transport (R.42); that she stopped working on February 2, 2013 pursuant to her doctor's advice (R.44) and that she is receiving food stamps and public assistance (R.43).

The plaintiff also testified that she suffers from lower back pain, migraines, reflux disease, chest pain, vertigo, depression and anxiety and panic disorders (R.46); that her pain is extreme (R.47-48); that she suffers from daily headaches and lacks energy (R.49, 58) and that she can walk for about ten feet, stand for five minutes, sit for fifteen to twenty minutes and lift a gallon of milk (R.61-62).

At the hearing a vocational expert was called upon to testify (R.70-78). She classified the plaintiff's prior work as light to heavy and unskilled to skilled in nature (R.72). When asked to assume an individual of the plaintiff's age, education and vocational background who could lift up to twenty pounds occasionally and ten pounds frequently and who can stand, walk or sit for six hours a day she responded that such an individual would only be able to perform limited unskilled entry level jobs (R. 74-75).

The witness was next asked to assume an individual of the plaintiff's age, education and vocational background who could only lift five pounds occasionally, stand or walk for about an hour and sit for three hours and testified that such an individual could not perform the plaintiff's past work (R.76-77).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff was treated at the Gabriel Pain and Spinal Center between July 12, 2013 and July 24, 2013 for low back and leg pain. Lumbar stenosis and spondylosis without myelopathy were diagnosed and medication was prescribed (R.250-277).

The plaintiff was treated at Greater Pittsburgh Orthopaedic Associates between October 25, 2012 and June 13, 2013 for mild spinal stenosis, degenerative disc disease and right leg weakness. Physical therapy was deemed ineffective and medication was prescribed (R.278-304).

The plaintiff was treated at HVMG Convenient Care on October 25, 2012 for acute sinusitis (R. 453-458).

The plaintiff participated in physical therapy between April 2, 2013 and June 11, 2013 for treatment of mild lumbar spinal stenosis and lumbago (R.305-337).

The plaintiff received pain treatment at Advanced Pain Management between August 5, 2013 and August 29, 2013 (R. 432-442).

The plaintiff was treated at various times between December 9, 2012 and June 11, 2013 at Heritage Valley Beaver for chest pain, migraine headaches, and right knee, ankle and hip pain (R.338-431).

In a questionnaire completed on September 3, 2013, Dr. Jeffrey P. Hein reported treatment for pain and depression (R.443-452).

The plaintiff was evaluated at Vocational and Psychological services on September 30, 2013 by Julie Uran, Ph.D. who diagnosed major depression, anxiety disorder, primary insomnia, and nicotine dependence. The prognosis was deemed poor. Marked limitation for carrying out complex instruction was noted (R.459-471).

The plaintiff was treated by Dr. Jay L. Karpen on November 25, 2013 and December 23, 2013 for pain management. He diagnosed low back pain, degenerative disc disease, spinal stenosis and spondylosis (R. 472-473, 483).

In a residual physical capacity evaluation completed on December 3, 2013, Dr. Duke J. Thomas reported that the plaintiff could sit for three hours, stand or walk for one hour and could occasionally lift up to five pounds. He concluded that the plaintiff's pain was disabling (R.474-482).

The plaintiff was treated for lumbago and leg pain between January 16, 2013 and December 27, 2013. Mild degenerative spinal stenosis at L4-5 was noted (R.484-543).

4

The plaintiff was treated by Dr. David Jansma between January 17, 2014 and April 14, 2014 for degenerative disc disease, depression, esophageal reflux and panic attacks. A moderate handicap was noted (R.544-571).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the

5

specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

> The insured meets the insured status requirements of the Social Security Act through December 31, 2017…
>
> The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, migraine cephalgia, gastroesophageal reflux disease, major depressive disorder, and generalized anxiety disorder …
>
> The claimant's impariments considered both singly and in combination, do not meet or medically equal the requirements of any of the impairments set forth in Section 1.04 of Appendix 1 dealing with musculoskeletal system, or Section 5.02 of Appendix 1, dealing with the digestive system, or Sections 11.02 and 11.03 of Appendix 1, dealing with the neurological system, or Sections 12.04 and 12.06 … dealing with mood disorders and anxiety disorders… Although no listing presently exists for obesity,[1] I nevertheless have considered the claimant's obesity both by itself and in conjunction with her other impairments…
>
> In activities of daily living, the claimant has mild restrictions…
>
> In social functioning, the claimant has moderate difficulties…
>
> With regard to concentration, persistence of pace, the claimant has moderate difficulties… The claimant was diagnosed with major depression and anxiety and assigned global assessment of functioning score of 55, indicative of moderate symptoms. In view of the foregoing, I find that the claimant's mental impairments impose a moderate limitation on her concentration, persistence, and pace.
>
> As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration…
>
> Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated " episodes of decompensation, each of extended duration, the "paragraph B"[for mental impairments] criteria are not satisfied…

---

[1] At the hearing plaintiff testified that she was 5'3" and weighed 285 pounds (R.41).

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work…

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained …

In terms of the claimant's alleged physical impairments, the evidence of record fails to fully support the allegations of disability. The claimant testified to a four-year history of low back pain which suddenly worsened on or about February 2, 2013… On February 8, 2013, the claimant complained of back and foot pain. The claimant's treating physician …reviewed the claimant's x-rays with her, indicating "nothing of note."  [The treating physician] further observed that the claimant's magnetic resonance imaging (MRI) scan showed "only some bulging discs at L5-S1 which are inconsequential." Dr. Hein went on to opine that he believed the claimant did not meet any of the criteria for long-term disability and did not meet the criteria for fibromyalgia… X-rays of the claimant's lumbar spine, right hip, right knee, and right ankle on April 8, 2013 showed no fracture or other osseous abnormalities and/ or were unremarkable. A magnetic resonance imaging (MRI) scan of the claimant's lumbar spine on April 8, 2013 …showed mild degenerative spinal stenosis at L4-L5, due to a combination of mild degenerative disc bulge and mild degenerative facet arthropathy. Furthermore it was noted that all other disk space levels were unremarkable. The scan showed no definite disc herniation and no evidence of bony fracture, malalignment, infection, or neoplasia. Upon examination by Dr. Thomas 10 days later, Dr. Thomas noted … spinal stenosis with a central herniated disc and facet arthropathy at L4-L5 with degenerative disc disease…

With regard to the claimant's alleged migraine headaches … I find … only two emergency room visits for complaints of migraine, almost exactly one year apart. In both instances, the claimant received a single injection and responded well to the treatment…

In terms of her obesity, the claimant testified that she stands 5 feet 2.5 inches in height and weighs 285 pounds.  The documentary evidence reflects that the claimant weighed 217 pounds in February 2013… Yet the claimant did not testify to any unusual weight gain…

The claimant also testified that she had a six-year history of gastroesophageal reflux disease… The claimant has been diagnosed with gastroesophageal reflux disease and is prescribed appropriate medication therefor, but the documentary evidence fails to disclose any complaint of symptoms associated with gastroesophageal reflux disease.

In terms of the claimant's alleged mental impairments, the evidence of record, once again, fails to fully support the allegation of disability. The claimant is prescribed psychotropic medication by her primary care physician, but the new evidence of record discloses no mental health treatment apart from the pharmacological. As of October 25, 2012, the claimant was taking no medications, but based upon a "long-standing history of severe anxiety and depression," her newly established primary care physician prescribed Xanax and Zoloft. The claimant underwent a psychological consultative examination on or about September 30, 2013…[she] was diagnosed with major depression and an anxiety disorder.. of moderate symptoms… [A] different treating physician indicated that the claimant's social functioning, concentration, persistence, and pace were unaffected by her mental impairments. In light of the claimant's limitations in carrying out complex instructions and her reported attentional difficulties, I have limited her to low stress, unskilled work…

As for opinion evidence, I give great weight to the opinion of the State agency medical and psychological consultants because I find them to be well supported and consistent with other substantial evidence of record … I have considered the various opinions of the claimant's treating physicians, but ultimately give them little weight… These opinions are inconsistent with the claimant's unremarkable lumbar x-rays and her two consistent MRIs, which showed only some bulging discs, which were "inconsequential" … I likewise give little weight to the opinions of Dr. Thomas and Dr. Jansma that the claimant's pain is "disabling…"

The claimant is capable of performing past relevant work as a cashier (Light/Unskilled). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity…

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate …(R.14-24).

Credibility determinations, supported by the record, are made by the defendant. <u>Diaz v. Commissioner</u>, 577 F.3d 500, 506 (3d Cir. 2009). In the instant case there is some evidence that the plaintiff experiences various physical and mental limitations, however, it is also true that where, as here the credibility determinations are clearly supported by the record, there is substantial evidence to support the findings of the Commissioner.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. <u>Chavarriaga v. New Jersey</u>, 806 F.3d 210 (3d Cir. 2000). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

s/ Robert C. Mitchell

Filed: January 27, 2017                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA SMITH,
        Plaintiff,

v.                                        2:16-CV-253

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

## ORDER

AND NOW, this 27th day of January 2017, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (ECF No. 11) is DENIED; the defendant's motion for summary judgment (ECF No.15) is GRANTED, and the decision of the Commissioner will is AFFIRMED.

                                                   s/ Robert C. Mitchell
                                                   United States Magistrate Judge